UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-CR-134-JVB-JEM |
| ) | |
| BENJI HAWKINS, ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

This matter is before the Court on a Motion for Compassionate Release [DE 35], filed by Defendant Benji Hawkins, *pro se*, on May 11, 2020. Defendant seeks a change in his location of confinement from the Sandstone Federal Correctional Institution to home confinement due to the COVID-19 pandemic and his personal risk factors. For the reasons provided below, Defendant's motion is denied.

## BACKGROUND

On October 18, 2017, an Indictment was filed charging Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Defendant was arrested on January 10, 2018, pursuant to an arrest warrant. On May 22, 2018, Defendant pled guilty. At the August 21, 2018 sentencing hearing, the Court sentenced Defendant to 46 months imprisonment and two years supervised release. Defendant has been in custody since his arrest and is currently confined at the Sandstone Federal Correctional Institution in Minnesota.

On May 11, 2020, Defendant filed the instant motion, asking to be placed on home confinement in light of the COVID-19 pandemic. On May 12, 2020, the Court issued an Order referring this matter to the Federal Community Defender to consider filing a supplemental brief in support of Defendant's request. On May 19, 2020, the Federal Community Defender filed a notice

indicating that it would not be filing a supplemental brief. On May 26, 2020, the Government filed a response. Defendant filed a reply on May 29, 2020, and supplemental exhibits on June 1, 2020.

## ANALYSIS

Defendant states that he has high blood pressure and high cholesterol, for which he takes 25 mg hydrochlorothiazide and 10 mg atorvastatin, respectively. Defendant notes that he has a release plan to be employed at Aperion Care upon release and to live with his fiancée in Gary, Indiana. Defendant further notes that he has not been "written up" while incarcerated, has completed two drug classes, has participated in a job fair, and is a unit orderly. Defendant, in his motion, mentions both compassionate release and change from serving his sentence in the correctional facility to home confinement.

A defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) can only be made "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Though Defendant, in his motion, asserted that he made a qualifying request, the Government counters that the BOP informed the Government that Defendant made no such request; instead, Defendant made a request for home confinement (which is different from compassionate release).

The Government and Defendant both submitted an "Inmate Request to Staff" form. *See* (Resp. Ex. 1, ECF No. 41-1; Suppl. Br. 3-4, ECF No. 45). Defendant's copy includes the second page of the request. Though Defendant one time labels his document as an "early release/home confinement request," it is clear from the contents of the document when viewed as a whole that Defendant was requesting to be placed on home confinement and not requesting to have his

sentence terminated through compassionate release. *See* (Suppl. Br. 3-4, ECF No. 45). Defendant has not asserted, much less shown, that he made any other request to the warden. On the record before the Court, Defendant did not ask the warden to make a motion for the compassionate release of Defendant. Therefore, the Court finds that Defendant has not complied with the exhaustion requirements necessary to bring a claim for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

The request Defendant did make is one for a change of the location where Defendant serves his sentence from the Sandstone facility to home confinement in Gary, Indiana. While compassionate release—that is, a *reduction* in sentence—is governed by § 3582(c)(1)(A), the *location* where a sentence is served is not. Authority for determining the location where a sentence is served (including home confinement) is given to the Bureau of Prisons. *See* 18 U.S.C. §§ 3621(b), 3624(c)(2). The Court does not have the authority to order the remainder of Defendant's sentence to be served on home confinement. *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020).

Accordingly, the Court must deny Defendant's motion. In so ruling, however, the Court

> do[es] not mean to minimize the risks that COVID-19 poses in the federal prison system . . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons'] statutory role, and its extensive and professional efforts to curtail the virus's spread.

*United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020).

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Motion for Compassionate Release [DE 35].

SO ORDERED on June 17, 2020.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT