UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|     Plaintiff,                                 ) | |
|                                                         ) | |
| v.                                                         ) | CAUSE NO.: 2:17-CR-134-JVB-JEM |
|                                                         ) | |
| BENJI HAWKINS,                            ) | |
|     Defendant.                              ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Compassionate Release and Appointment of Counsel [DE 48], filed by Defendant Benji Hawkins, *pro se*, on July 31, 2020. Defendant seeks compassionate release under the First Step Act due to the COVID-19 pandemic and his personal risk factors. Defendant also asks that counsel be appointed to him. For the reasons provided below, Defendant's motion is denied.

**BACKGROUND**

On October 18, 2017, an Indictment was filed charging Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant was arrested on January 10, 2018, pursuant to an arrest warrant. On May 22, 2018, Defendant pled guilty. At the August 21, 2018 sentencing hearing, the Court sentenced Defendant to 46 months imprisonment and two years supervised release. Defendant has been in custody since his arrest and is currently confined at the Sandstone Federal Correctional Institution in Minnesota, which has had one inmate and no staff test positive for COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited August 12, 2020).

On May 11, 2020, Defendant filed an earlier motion, asking to be placed on home confinement in light of the COVID-19 pandemic. The Court denied that motion on June 17, 2020.

On July 31, 2020, Defendant filed the instant motion. The Court referred the motion to the Federal Community Defenders Office to consider whether to file a supplemental brief in support of Defendant's motion. The office declined to do so. The Government filed a response on August 10, 2020.

## ANALYSIS

### A. Request for Counsel

The Sixth Amendment right to counsel only extends through a defendant's first appeal. *See Coleman v. Thompson*, 501 U.S. 722, 756 (1991). The instant motion is not an appeal, and, regardless, Defendant's deadline to file a notice of appeal has expired. Defendant has no constitutional right to counsel to aid in his pursuit of compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Regarding a potential statutory right to counsel, the Criminal Justice Act (CJA), codified at 18 U.S.C. § 3006A, governs appointments of counsel in criminal cases. Under the CJA, "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c).

The ability of a defendant to bring a motion for compassionate release under § 3582(c)(1)(A) is relatively new, but the Seventh Circuit Court of Appeals had, prior to the amendment to § 3582 that permitted defendant-filed motions, determined that a motion under § 3582(c) is not an "ancillary matter" such that the CJA mandates appointed counsel. *See United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999) ("How a district judge elects to consider a § 3582(c) motion to reduce a sentence is largely a matter of discretion. The judge can appoint

counsel for a movant, but need not do so."). Accordingly, Defendant has no statutory right to appointed counsel.

Whether to appoint counsel is a matter for the Court's discretion. *See id.* When the § 3582 motion was filed, the Court referred it to the Federal Community Defender to consider filing a supplemental brief on Defendant's behalf. The Federal Community Defender declined to file such a brief. Under the circumstances, the Court exercises its discretion and finds that appointment of counsel is not warranted. The request for appointed counsel is denied.

### B. Compassionate Release

Under 18 U.S.C. § 3582(c)(1)(A), the Court can grant a defendant's motion for compassionate release if the defendant complied with the administrative exhaustion requirement and the Court, having considered the factors found at 18 U.S.C. § 3553(a) as applicable, finds that extraordinary and compelling reasons warrant compassionate release and that compassionate release is consistent with the United States Sentencing Commission's applicable policy statements.

The Government concedes that Defendant's attempt to pursue administrative remedies permits the Court to consider Defendant's request. There is no exhaustion requirement issue to resolve here.

Congress tasked the Sentencing Commission with promulgating a policy statement on § 3582(c)(1)(A) and the definition of "extraordinary and compelling reasons." 28 U.S.C. § 994(t). The policy statement, found in the application notes to § 1B1.13 of the United States Sentencing Guidelines Manual, provides, as is relevant here, that a defendant's medical condition is an extraordinary and compelling reason when the defendant's serious physical or medical condition "substantially diminishes the ability of the defendant to provide self-care within the environment

3

of a correctional facility" and the defendant is not expected to recover from the condition. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1.

Defendant states COVID-19 has reached his place of incarceration and that, within the Federal Bureau of Prisons, one out of every three prisoners who are tested for COVID-19 tests positive. Defendant notes that he has hypertension, pre-diabetes, glaucoma, a BMI over 30, and hyperlipidemia, conditions for which Defendant takes prescription medication. Defendant argues that the current pandemic paired with his medical conditions gives rise to the "extraordinary and compelling circumstances" necessary for compassionate release to be granted.

The Government counters that the pandemic and Defendant's medical conditions considered with the Section 3553 sentencing factors do not show Defendant to be entitled to relief.

The Center for Disease Control lists having a BMI over 30 as a condition that presents an increased risk of severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 12, 2020). Hypertension is a condition that might present an increased risk of severe illness from COVID-19. *Id.* Pre-diabetes, glaucoma, and hyperlipidemia are not in either category. *Id.* Further, prison medical records indicate that treatment for hyperlipidemia was stopped because there was no clear evidence that Defendant had the condition. (Ex. 8, 4, ECF No. 52-1).

Medical records show that Defendant has a prescription for medicine to treat hypertension and that Defendant denied any complications and reported prescription compliance without side effects. (Ex. 9, 22, ECF No. 52-2). The records also show that Defendant received patient education counseling regarding diet and exercise. *Id.* at 57. The Court has reviewed Defendant's medical records, which were submitted by the Government, and the Court sees no indication that Defendant's conditions substantially diminish his ability to provide self-care during the pandemic

while incarcerated. *See* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1. Thus, there is no extraordinary and compelling reason to grant compassionate release, and the Court must deny Defendant's motion. In so ruling, however, the Court

> do[es] not mean to minimize the risks that COVID-19 poses in the federal prison system . . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons'] statutory role, and its extensive and professional efforts to curtail the virus's spread.

*United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020).

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** a Motion for Compassionate Release and Appointment of Counsel [DE 48].

SO ORDERED on August 12, 2020.

                                              s/Joseph S. Van Bokkelen
                                              JOSEPH S. VAN BOKKELEN, JUDGE
                                              UNITED STATES DISTRICT COURT